LOUISE REYDEL, Plaintiff, *v.* ADAM REYDEL, Defendant.

(City Court of Brooklyn — General Term, November, 1894.)

The premises covered by a mortgage were sold under foreclosure, and conveyed by the sheriff to the holder of the mortgage, who thereafter conveyed the same.   The owner of a portion of the premises, which had been conveyed to him intermediate the execution and the foreclosure, was not made a party thereto, and subsequently conveyed.   Plaintiff, who claims under the latter conveyance, contracted to sell the same to defendant.   Plaintiff has owned the property only one year, and has no

knowledge or information as to who had possession of the premises prior to the date of his deed, and it did not appear whether the premises were improved or inclosed. *Held*, that these facts rendered the title unmarketable, and that the defendant should not be compelled to take the same.

SUBMISSION of controversy without action.

*James P. Philip*, for plaintiff.

*E. Raymond*, for defendant.

VAN WYCK, J.   This is a submission under section 1279 of the Code of Civil Procedure, upon admitted facts, of the question as to whether specific performance of a contract of sale of real estate should be enforced in favor of plaintiff against the defendant.   It seems from the agreed facts that the owner of certain premises, of which those in question herein were a part, mortgaged the same in 1851 for $2,000 ; that the mortgage was thereafter assigned, and the holder thereof in 1863 foreclosed it, but failed to make the owner of the particular premises in question a party to the action, such premises having been conveyed by the mortgagor after the mortgage was given but before the foreclosure suit was instituted; that under the foreclosure judgment the sheriff conveyed to the plaintiff the mortgaged premises, which included the premises to which the contract of sale herein relates.   The grantee of the sheriff subsequently conveyed the premises conveyed to her.   The plaintiff herein (the vendor) does not claim the premises under the chain of title made out through the mortgage sale under foreclosure; he claims under the chain of title from the owner to whom the mortgagor conveyed prior to the foreclosure action, and who was not a party to that action.   The deed of the premises to plaintiff herein is dated April 12, 1893, and neither the plaintiff nor defendant has any knowledge or information as to who has had possession of the premises prior to that date, or has made claim to the same.   Nothing before us shows whether the premises are improved or even inclosed.   It seems to us

from such circumstances that the assumption is just as rational that one line of record owners has been in possession as the other. The mortgage, foreclosure sale and inability of the vendor (plaintiff) to give any information as to which line of record owners have exercised ownership or been in possession, or claimed possession, prior to April 12, 1893, leaves the title involved in so much mist, without further explanation or light, as to render it unmarketable. We think a vendor who has owned the premises about a year, where there are two lines of record owners, should not ask specific performance without informing himself somewhat about the title prior to his deed, and imparting such knowledge to the vendee. We cannot see how the Cowell proceedings, under the Laws of 1862, chapter 365 (R. S. [Banks' 8th ed.] 2481), can help the vendor, for the admission does not show that the petition filed gave jurisdiction, or what parties were required to show cause by the court. We think the defendant should have judgment.

CLEMENT, Ch. J., and OSBORNE, J., concur.
Judgment for defendant.